**Charles A. BARBARIN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 24127.**

United States Court of Appeals Fifth Circuit.

April 12, 1968.

Milton P. Masinter, New Orleans, La., for appellant.

John C. Ciolino, Asst. U. S. Atty., Louis C. LaCour, U. S. Atty., New Orleans, La., for appellee.

Before THORNBERRY and DYER, Circuit Judges, and BOYLE, District Judge.

PER CURIAM:

Appellant was tried and convicted by a jury for selling narcotics in violation of Title 26 U.S.C.A. §§ 4704(a) and 4705 (a). Review is sought because of the failure of the trial court to *sua sponte* give a special cautionary instruction concerning the credibility of informers, although the court did give a clear and careful instruction on the jury's function as the sole judges of the credibility of the witnesses to which no objection was made.

The testimony of the government informer was corroborated by one Walton, who was the purchaser of the heroin from the appellant, as well as by the surveilling agents of the Bureau of Narcotics. Walton was not in the employ of or acting for the government at the time of the sale. In many respects the appellant himself corroborated what transpired but denied the actual sale. Under these circumstances, the failure to give an instruction on the credibility of informers in the absence of a request or an objection to the instruction given, does not constitute plain error. Walker v. United States, 5 Cir. 1960, 285 F.2d . 52, 61.[1]

Affirmed.

---

1. United States v. Griffin, 6 Cir. 1967, 382 F.2d 823, relied upon by the appellant is inapposite. There the conviction rested solely upon the uncorroborated testimony of an informer, and the court pointed out,

"We should not be understood to hold that the failure of a trial judge to give this charge *sua sponte* is always error per se." Id. at 829, footnote 10.